

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIRECTV, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03 C 2581 |
| | ) | |
| RANDY BOROW, | ) | HONORABLE CHARLES R. NORGLE |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff DirecTV's Motion for Damages pursuant to the Federal Communication Act ("FCA"), the Wiretap Act, and the Digital Millennium Copyright Act ("DMCA"). For the following reasons, the court grants statutory damages in the amount of $12,000.00, and attorneys' fees and costs in the amount of $90,000.00, for a total award of $102,000.00.

**I. BACKGROUND**[1]

**A. Facts**

On January 6, 2005, the court granted summary judgment in favor of Plaintiff DirecTV, Inc. ("DirecTV") against Defendant Randy Borow ("Borow"), on DirecTV's claims under the FCA, Wiretap Act, and DMCA. PayPal records submitted by DirecTV demonstrated that Borow purchased a minimum of 24 satellite pirate devices, as well as assisted 12 people in receiving DirecTV's signal without authorization. Furthermore, DirecTV submitted postings by Borow in the "Pirate Forum"

---

[1] The court takes the undisputed facts from DirecTV v. Borow, No. 03-C-2581, 2005 WL 43261, *1 (N.D. Ill. Jan. 6, 2005).

1

internet message boards, where Borow described in detail how to illegally receive and view DirecTV's signal. The evidence demonstrated that Borow helped others to obtain DirecTV's signal without purchase, and sold his knowledge of this topic for a profit. Although Borow requested an extension of time to file his Response to the Motion for Summary Judgment, no Response was ever, in fact, submitted.

## B. Procedural History

On January 6, 2005, the court granted summary judgment in favor of DirecTV on all counts. Then, on May 9, 2005, DirecTV filed its Motion for Damages, seeking statutory damages in the amount of $120,000.00, in addition to attorneys' fees and costs in the amount of $186,865.00. Borow filed his Response on July 1, and DirecTV filed its Reply on July 20, 2005. DirecTV's Motion for Damages is fully briefed and before the court.

## II. DISCUSSION

### A. DirecTV's Claim for Statutory Damages

#### *1. Damages under The Federal Communications Act- 47 U.S.C. § 605(a)*

The FCA provides statutory damages for injured parties for each violation of the Act, in the amount of "not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). Furthermore, if the defendant committed these violations "wilfully and for the purposes of direct or indirect commercial advantage or private financial gain," the court may award statutory damages of $100,000.00 per violation. § 605(e)(3)(C)(iii); see DirecTV v. Schulien, 401 F. Supp. 2d 906, 916 (N.D. Ill. 2005). DirecTV does not allege that Borow's actions allow for an increase of the award to $100,000 per violation. Therefore, the range of damages available to DirecTV under § 605 is between $1,000.00 and $10,000.00. See Schulien, 401 F. Supp.2d at 916. The court has broad

discretion in awarding damages under the FCA. See § 605(e)(3)(C).

Here, DirecTV submitted evidence in its Motion for Summary Judgment which demonstrated that Borow intentionally and egregiously pirated DirecTV's satellite signal, and bragged about such acts on internet message boards. DirecTV further introduced evidence that Borow assisted at least 12 people in the unauthorized use of its satellite signal. More noteworthy, Borow sold his knowledge and expertise on how to intercept DirecTV's signal to other individuals who wished to view satellite television without paying for the product. At one point, Borow admitted that he assisted family members in their quest to steal DirecTV's signal. Borow did nothing to refute these claims, as demonstrated by his failure to file a Response to the Motion for Summary Judgment.

Based on Borow's actions and his cavalier attitude towards his theft of DirecTV's encrypted signal, the court finds that a fine of $1,000 for each of the twelve individuals that Borow assisted in the piracy of the satellite signal is appropriate. This $12,000 fine neither deprecates the seriousness of Borow's actions, nor does it minimize the loss suffered by DirecTV.

**B. DirecTV's Claim for Attorneys' Fees**

The court next examines DirecTV's claim for attorneys' fees. Reasonable attorneys' fees are calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." Harper v. City of Chicago Heights, 223 F.3d 593, 604 (7th Cir. 2000); see Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). This number is known as the "lodestar," and the district court may increase or decrease the amount. See Altergott v. Modern Collection Techniques, Inc., 864 F. Supp. 778, 780 (N.D. Ill. 1994). The party that requests the attorneys' fees has the burden to show that this lodestar amount is reasonable. See Hensley, 461 U.S. at 433. The district court has broad discretion to award attorneys' fees based on its "superior understanding of the litigation." Fenster v. Tepfer and Spitz, Ltd., 301 F.3d 851, 860 (7th Cir. 2002) (citing Jaffee v. Redmond, 142 F.3d 409, 412-

3

13 (7th Cir. 1998)). The court may deduct from the fee any excessive, duplicative, or unnecessary hours. See Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999).

Under the Wiretap Act, 18 U.S.C. § 2520(b)(1), a party may recover "reasonable attorney's fees and other litigation costs reasonably incurred" as a result of the unauthorized reception of satellite programming. See § 2520(b)(3). By its own admissions, counsel for DirecTV states that "the fees and costs requested are substantial. . . ." Def's Mot. for Damages, at 9. Counsel submits extensive billing time sheets in support of its claim for fees costs. After reviewing the various time sheets, it appears that DirecTV's counsel billed in excess of 188 hours to draft its Motion for Summary Judgment.

Specifically, between June 26 and June 28, counsel spent a total of 20.00 hours to "draft summary judgment motion." See Def.'s Mot. for Damages, Ex. A. Additionally, counsel spent .80 hours researching the standard for summary judgment, after 60 plus hours of research and drafting were already completed on the motion. DirecTV has tried similar satellite piracy cases in various federal courts. See DirecTV v. Pepe, 431 F.3d 162 (3d Cir. 2005); DirecTV v. Meinhart, 2005 WL 3370463 (Dec. 9, 2005 2d Cir.). To suggest that counsel needs to research the legal standard of review for a summary judgment, let alone spend over 188 billable hours in the preparation of such a motion, is unreasonable.

Furthermore, the record demonstrates that on August 4 and 5, 2004, DirecTV's counsel spent approximately 27.10 hours to draft its Response to Borow's two-page Motion for Extension of Time. The court, based on its "superior understanding of the litigation" finds that this amount of billable hours to respond to a rather simple motion excessive. See Fenster, 301 F.3d at 860.

A district court is not required to undertake a line-by-line analysis of a party's fee application. Tomazzoli v. Sheedy, 804 F.3d 93, 98 (7th Cir. 1986) ("it is generally unrealistic to expect a trial court to evaluate and rule on every entry in an application"). District courts may, "(in recognition of the

4

impracticalities of requiring courts to do an item-by-item accounting) reduce the proposed fee by a reasonable percentage." Harper v. City of Chicago Heights, 223 F.3d 593, 605 (7th Cir. 2000). District courts are therefore within their discretion when they "trim[] [the] fat from a fee application" by reducing the hours or total fees requested "by a lump sum," particularly in cases with lengthy applications. Tomazzoli, 804 F.2d at 98. As a result, the court finds that the $186,865.00 in attorneys' fees DirecTV's counsel requests is unnecessary, and grants attorneys' fees in the amount of $90,000.00. See Spegon, 175 F.3d at 550. This reflects the court's belief that the amount of billable hours charged by counsel is excessive, given counsel's experience and knowledge of a legal issue that counsel has implemented in various other cases where it has represented DirecTV. See id; see Hensley, 461 U.S. at 433.

The court finds that attorneys' fees in the amount of $90,000.00 is appropriate given the protracted litigation in this case. The Complaint was filed in April 2003, and now, in 2006, the case is finally reaching a conclusion. Borow's recalcitrant and deceptive attitude resulted in DirecTV's counsel engaging in long, protracted procedural battles. For example, Borow filed a Motion for Extension of Time to respond to the summary judgment motion. DirecTV was required to respond to this motion, which required research, meetings, and several drafts of a response to Borow's Motion. All of this work resulted in a certain amount of billable hours to complete a final product. While the court finds that the total number of hours spent on this litigation is excessive, counsel nonetheless exerted a significant number of hours, mostly as the result of Borow's delay, to respond to each filing. After "trimming the fat" off of counsel's excessive fees, the court finds that $90,000.00 is an appropriate fee, giving the constant delaying tactics employed by Borow, and counsel's efforts to respond to each of Borow's pleadings, regardless of his intentions in filing such motions. See Tomazzoli, 804 F.2d at 98.

5

## III. CONCLUSION

For the reasons stated above, the court grants DirecTV's Motion for Damages. The court awards DirecTV $12,000 in damages as allowed under the FCA. Additionally, the court awards DirecTV's counsel attorneys' fees in the amount of $90,000, for a total award of $102,000.00.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 1-24-06